ISAAC W. MARINER, Adm'r. of MARY MARINER, dec'd., a. d. b. *vs.* JOHN M. COLLINS, resp't. p. b.

*As between near relations, the law does not imply a promise to pay board, &c., while on a visit.*

THIS was an action of assumpsit by Collins, for board and attendance of his wife's mother, during sickness. Pleas, non assumpsit; no assets, &c.

The plaintiff below proved that Mrs. Mary Mariner, his wife's mother, who usually resided with another child, was taken sick whilst on a visit to his house, and was furnished with board and attendance for about four or five weeks. She died soon after her return to her son's. She had property.

*Mr. Cullen* insisted, that as between near relations, the law raised no implied assumpsit for board or attendance on the one side, or for work and labor on the other; but that a specific contract must be proved. (*Addison on Cont.*, 737 ; *Chitty on Cont.*, 575, note *F.*)

*By the Court.*—Wherever a person is under a legal liability to pay money or discharge a duty, the law implies a promise to do it. But no promise can be implied from that which is a mere gratuity.

If a person invite a stranger to his house, he cannot turn round and make him a debtor for food, attendance or necessaries furnished him. If the defendant was the plaintiff's wife's mother, living usually at a son's; but occasionally visiting among her children ; and being on a visit to the son-in-law's house, she was taken sick, he could not make her liable for the food, attendance and ne-

cessaries furnished her in her sickness; nor recover the same from her estate. If he meant to charge her, he ought to have given her notice.

But if she went to Collins' without invitation, or from other facts the jury are satisfied that such was the understanding of the parties, she would be liable for food, attendance and necessaries.

Verdict for appellant.